# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

DAWN BISHOP, et al.,

      Plaintiffs,                                Case No. C2-08-0615

      vs.                                       JUDGE FROST

OHIO DEPARTMENT OF                  MAGISTRATE JUDGE ABEL
REHABILITATION AND CORRECTIONS

      Defendant.

## AGREED PROTECTIVE ORDER

The parties hereto having stipulated to the entry of a protective order under Fed. R. Civ. P. 26(c), and it appearing to the Court that such an order is necessary, appropriate and will facilitate discovery, it is hereby ORDERED that:

1)      Any party may designate as "confidential" any documents, or deposition transcripts or exhibits reflecting the contents of such documents, which it believes should be subject to the terms of this Protective Order. Such information may include, medical, proprietary information or information that may invade the privacy of third parties. Any documents designated as "confidential" by a party shall be clearly labeled "confidential" prior to their production. The parties shall not designate any document as "confidential" unless they have a good faith belief that said document is entitled to that protection under existing law.

2)      The Court will resolve any disputes regarding what documents, deposition transcripts, or exhibits will be treated as confidential under this Order.

3)      Confidential documents shall be maintained in confidence and used by the parties' attorneys (including their support staff) in this matter only for purposes of the above-captioned action and shall be disclosed to no one except experts or consultants, or as may be required to present this action at trial. If, for purposes of this action, Plaintiffs or any Defendant discloses

documents that contain such information, they must be held strictly confidential by those parties to whom disclosure is made, and may be disclosed only to counsel and/or expert witnesses retained by counsel.

4) Documents designated as confidential shall be filed under seal.

5) At the conclusion of this suit, by judgment or otherwise, the parties and their respective attorneys shall, at the written request of the producing party, return the confidential documents to the other party along with all copies thereof.

6) A party who produces any document not subject to discovery under federal law without intending to waive the claim of protection associated with such document may, within ten (10) days after the producing party actually discovers that such inadvertent production occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld as protected. Such protected documents include, but are not limited to, privileged communications, and attorney work-product material.

7) Once the producing party provides such notice to the requesting party, the requesting party must (a) promptly return the specified document and any copies thereof; (b) destroy, and certify such destruction to the producing party, any notes or any other documents it created that reflect the contents of the specified document; and (3) refrain from disclosing the substance of such specified document to any third party, including the Court. The requesting party shall provide written certification of compliance within thirty (30) days of the producing party's notice.

8) The inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as protected material shall not waive any privilege or other applicable protective doctrine for that document or for the subject matter of

the inadvertently disclosed document if the producing party requests its return in accordance with ¶ 6 hereof and takes reasonable precautions to avoid such inadvertent disclosure.

9) This Order shall not be deemed to encompass documents or information that was lawfully in either party's possession prior to the filing of this action.

10) By complying with these obligations, the requesting party does not waive any right to challenge the assertion of protected status or confidentiality and request an order of the Court determining the issue. In the event that the requesting party disputes the producing party's claim as to the protected nature of the inadvertently disclosed material and requests the Court's determination within thirty (30) days of the notice described in ¶ 6 hereof, a single set of copies may be sequestered and retained by and under the control of the requesting party for the sole purpose of seeking the Court's determination of the issue pursuant to Fed. R. Civ. P. 26(b)(5)(B).

11) Any third party, such as expert witnesses or vendors, retained by either party in the course of the above-captioned litigation shall be provided a copy of this Order and shall be bound by its terms.

12) In the event of inadvertent disclosure of privileged documents and upon timely notice by the producing party, the requesting party shall have the obligation to retrieve any such documents from third parties retained by the requesting party.

IT IS SO ORDERED.

                                                        s/Mark R. Abel
                                                        United States Magistrate Judge